WILLIAM L. HADDEN, SR., ET AL. v. MERWIN M. KREVIT ET AL.

SPEZIALE, C. J., PETERS, HEALEY, PARSKEY and SHEA, Js.

Argued February 2—decision released March 30, 1982

---

[10] See footnote 6, supra.

*William J. Cousins,* for the appellants (plaintiffs).

*Donald F. Keefe,* for the appellees (defendants).

PER CURIAM. The only issue in this case concerns the voidability of a number of loans made by two officers and directors to their small closely-held corporation. In the course of the dissolution of the Paumer Realty Corporation at the instance of the plaintiffs, William L. Hadden, Sr. and David C. Hadden, timely proofs of claim were filed with the appointed receiver by the defendants Merwin M. Krevit and Ilse Krevit, and the Atlas Realty and Security Corporation (a corporation wholly owned by the Krevits). The trial court, over the plaintiffs' objections, allowed the claims of the defendants, and the plaintiffs have appealed.

The facts found by the trial court in its comprehensive memorandum of decision are not seriously contested by the plaintiffs. The dissolved corporation, the Paumer Realty Corporation, owned commercial property at 205 Whitney Avenue in New Haven. After 1972, the defendants made repeated loans, totalling $141,000, to the corporation, primarily to meet its needs for working capital. The loan transactions were carried out without formal meetings of the corporation, which never met after 1972 despite requests for meetings by one of the defendants. Because the corporation never met, the loans were never formally authorized or ratified by the corporation's stockholders or directors. All the loans were, however, repeatedly and fully disclosed to the plaintiff stockholders, directors and officers. All of the loans were made at the then current prime rate of interest.

On the basis of these findings of fact, the trial court concluded that although the loan transactions constituted self-dealing, the defendants had met their burden of proving that the loans should not be voided. The court emphasized the corporation's need for funds, the advance of such funds at the prime rate, and the repeated and detailed notice to the plaintiffs of both need and loans. In these circumstances, the court determined that the pattern of dealing between the parties evidenced, on the part of the corporation and the plaintiffs, implied consent, ratification and estoppel. In the alternative, the court found that the plaintiffs could not rescind the loans made by the defendants without first offering restitution for the sums that the defendants had advanced to the corporation. For all these reasons, the court allowed the defendants' claims.

In their appeal, the plaintiffs claim error in the court's (1) conclusion of ratification; (2) assignment of the burden of proof with regard to voidability; and (3) interpolation of a restitution requirement into the statutory rescission action under General Statutes § 33-323.[1] Because we find no error on the first two claims, we need not reach the third.

---

[1] General Statutes § 33-323 provides in relevant part: "(c) No contract or transaction shall be voidable merely because a director of a corporation is a party thereto, or because of any relationship or interest of the type described in subsections (a) and (b) of this section, except by such corporation, if a party thereto, or by a person succeeding to, or otherwise entitled to exercise, the right of any such corporation. In any proceeding to void such contract or transaction, the court may, if it deems it equitable, rescind the contract or transaction in whole or in part, or award damages, or both, but the rights of third parties shall be protected."

The plaintiffs' principal argument is that the court failed to apply the mandate of § 33-323[2] and the teachings of *Osborne* v. *Locke Steel Chain Co.*, 153 Conn. 527, 534–35, 218 A.2d 526 (1966), and *Massoth* v. *Central Bus Corporation*, 104 Conn. 683, 689, 134 A. 236 (1926). It is clear under the statute and the cases that self-dealing transactions are voidable unless the self-dealing director sustains the burden of showing that the self-dealing was fair, was in good faith and was for adequate consideration. It is equally clear that the trial court recognized and applied that standard when it found that the defendants had met their burden of proof. The trial court's factfinding is reviewable in this court only to determine whether the decision of the trial court is clearly erroneous in light of the evidence

---

[2] General Statutes § 33-323 provides in relevant part: "Sec. 33-323. CORPORATE TRANSACTIONS WITH DIRECTORS AND OTHERS. (a) A contract or transaction between a corporation and a director thereof or a member of his immediate family, or between a corporation and any other corporation, firm or other organization in which a director of the corporation and members of his immediate family have an interest, shall not be voidable, and such director shall not incur any liability, merely because such director is a party thereto or because of such family relationship or interest, if: (1) Such family relationship or such interest, if it is a substantial interest, is fully disclosed, and the contract or transaction is not unfair as to the corporation and is authorized by (i) directors or other persons who have no substantial interest in such contract or transaction in such a manner as to be effective without the vote, assent or presence of the director concerned or (ii) the written consent of all of the directors who have no substantial interest in such contract or transaction, whether or not such directors constitute a quorum of the board of directors; or (2) such family relationship or such interest, if it is a substantial interest, is fully disclosed, and the contract or transaction is approved by the affirmative vote of the holders of a majority of the voting power of the shares entitled to vote thereon; or (3) the contract or transaction is not with the director or a member of his immediate family and any such interest is not substantial, subject, however, to the provisions of subsection (b) of this section; or (4) the contract or transaction is fair as to the corporation."

and the record as a whole. Practice Book § 3060D; *Fairfield County National Bank* v. *DeMichely,* 185 Conn. 463, 465, 441 A.2d 569 (1981); *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221, 435 A.2d 24 (1980). Tested by that standard, the evidence before us fully supports the trial court's conclusion that the defendants had sustained their assigned burden of proof.

The plaintiffs' secondary argument is that the trial court improperly determined that the defendants had proven ratification by the plaintiffs. The plaintiffs maintain that the governing statute, § 33-323, necessarily leaves all self-serving transactions in their voidable status so long as they have not been ratified by a vote of the board of directors, by written consent of all directors or by the affirmative vote of the majority of the stockholders. In their view, voidable transactions can never be ratified informally or impliedly by those affected. This argument overlooks the fact that the statute is framed in the alternative and states, as its fourth option, that "[a] contract or transaction between a corporation and a director thereof . . . shall not be voidable . . . if . . . (4) the contract or transaction is fair as to the corporation." See Cross, Corporation Law in Connecticut (1972) § 6.8 (c). In determining whether a contract is fair, a court is entitled to take into account the acquiescence, the implied consent of those who, with repeated notice of the transactions in question, permitted them to continue. Such a reading of § 33-323 is consistent not only with our own common law precedents; see, e.g., *Cohen* v. *Holloways', Inc.,* 158 Conn. 395, 408–409, 260 A.2d 573 (1969); but also with the modern law of corporations generally, which deems transactions between directors and their corporations to be

voidable rather than void. Henn, Law of Corporations (2d Ed. 1970) § 238; 2 Fletcher, Corporations (1969) § 752.

There is no error.