FREDERICK E. STORM, EXECUTOR (ESTATE OF NELLIE M. NOONAN) *v.* GERALD J. HEFFERNAN, STATE TAX COMMISSIONER
(2249)

DANNEHY, C.P.J., HULL and DUPONT, Js.

Argued November 9, 1983—decision released January 3, 1984

*M. J. Daly III,* for the appellant (plaintiff).

*Albert E. Sheary,* first assistant commissioner of revenue services, with whom, on the brief, was *Joseph I. Lieberman,* attorney general, for the appellee (defendant).

PER CURIAM. Prior to 1949, the decedent, Nellie M. Noonan, owned a one-half interest in two pieces of Connecticut real estate as joint tenant with her sister, Mollie Storm. The decedent and her sister, Mollie, had lived together on one of the two parcels for many years. Sometime prior to 1949, the decedent's sister, Mollie, became ill. The decedent's sister had two sons who had grown up living with the decedent and their mother, Mollie, but who had reached their majority prior to 1949 and no longer lived in that household.

In 1949 and 1950, by unrestricted deeds, the decedent's sister, Mollie, transferred her interest in the joint property to the decedent and also transferred her entire interest in a third piece of real estate to the decedent, so that after 1950, the decedent was the sole owner of the aforementioned three parcels of real estate. The decedent's sister died in 1954.

In 1956, the decedent transferred title to those three pieces of Connecticut real estate to her nephews, the children of her aforementioned sister, Mollie, and reserved to herself a life estate in all three properties. At her death, the decedent still retained her life estate in all three parcels. The commissioner of revenue services imposed a succession tax on the transfers wherein a life use was retained.

On April 7, 1975, the Probate Court for the district of Waterbury upheld the tax commissioner's determination that the transfers were taxable under General Statutes § 12-341b (d) which concerns the transfer of property after a decedent retained a life interest.

On February 9, 1979, the trial court, *Herman, J.* sustained the decision of the Probate Court. That court found, as did the Probate Court, that the real property was not held in trust for the nephews and that there was no consideration to offset under General Statutes

§ 12-341b. The plaintiff appeals,[1] claiming variously an express oral trust, a resulting trust, or a constructive trust and consideration that should be offset against any tax due.

"The trial court's fact finding is reviewable in this court only to determine whether the decision of the trial court is clearly erroneous in light of the evidence and the record as a whole." *Hadden* v. *Krevit,* 186 Conn. 587, 590, 442 A.2d 944 (1982); see Practice Book § 3060D; *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221–22, 435 A.2d 24 (1980). The court's conclusion was not "clearly erroneous," and was, in fact, the only reasonable conclusion that the court could have reached on the evidence in this case.

There is no error.

---

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).