Margaret O'Connell et al. *v.*
Wallace E. Larkin et al.
(2338)

Hull, Dupont and Borden, Js.

Argued December 6, 1983—decision released March 13, 1984

*Margaret O'Connell* and *Geoffrey O'Connell,* pro se, the appellants (plaintiffs).

*Kathleen M. Harkins,* with whom, on the brief, was *Nancy M. O'Neil,* for the appellees (defendants).

Per Curiam. This is an action for a permanent injunction in which the plaintiffs sought to prevent the defendants from interfering with construction by the plaintiffs to restore and maintain a right of way which the plaintiffs claim to have over the land of the defendants. Judgment was rendered for the defendants, denying the injunctive relief, and the plaintiffs have appealed.[1]

The parties are adjoining landowners. The court found that the plaintiffs have a right of way over property of the defendants for pedestrian and vehicular use, although the "physical extent of the easement remains unclear." Access from a city street to the plaintiffs' land over this right of way became impossible for vehic-

---

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

ular travel after the city of Norwich reconstructed the street by lowering its grade.[2] The court further found that the easement of the plaintiffs is not their only access to their land, that they have access to all of their land without it, that the plaintiffs seek to blast a permanent trench three to five feet deep and twenty feet wide across the defendants' land, that the defendants are not responsible for the present condition of the easement, that because the dimensions of the right of way are unclear the proposed blasting areas may exceed the physical scope of the easement, and that the defendants would be subject to noise and inconvenience.

The court concluded that the granting of the injunction would create damage to the defendant greatly disproportionate to the plaintiffs' injury and that the plaintiffs have a remedy by way of damages.[3] It, therefore, denied injunctive relief.

On appeal, the plaintiffs claim error (1) in the conclusion of the court that the plaintiffs failed to prove the physical boundaries of their easement, (2) in the conclusion of the court that the plaintiffs had access to all of their property and (3) in an abuse of discretion in the denial of injunctive relief.

The court's conclusion that the plaintiffs failed to prove the location of the physical boundaries of the right of way must stand. The finding is only reviewable to determine whether it is clearly erroneous in view of the evidence and record as a whole. *Hadden* v. *Krevit,* 186 Conn. 587, 590–91, 442 A.2d 944 (1982). The evidence reflects the fact that the plaintiffs' easement is across the northeasterly corner of the defendants' land. Beyond that general description, the evidence con-

[2] The complaint in the present case originally sought monetary damages. The substitute complaint does not. The plaintiffs in another pending case seek damages from the city of Norwich for lowering the grade of the street.

[3] See footnote 2, supra.

flicted as to the exact location and parameters of the easement, and the court's conclusion cannot be deemed to be clearly erroneous.

The trial court further found, after a personal view of the premises and after hearing testimony, that the plaintiffs had access to their lot and to their house without the easement. Its conclusion was not clearly erroneous and must be upheld.

An enforceable legal right does not necessarily entitle the one seeking to enforce that right to the remedy of injunctive relief which depends upon the equities of the case. *Moore* v. *Serafin*, 163 Conn. 1, 8, 301 A.2d 238 (1972). On the basis of the facts properly found by the trial court, the doctrine of comparative injury, balancing the consequences of redressing the complainant's injury against the harm to another if injunctive relief were granted, was properly invoked by the trial court to deny injunctive relief to the plaintiffs. *Moore* v. *Serafin*, supra. The court did not abuse its discretion.

There is no error.