### In the Matter of TVR OF AMERICA, INC., Debtor.

### John J. O'NEIL, Jr., Trustee, Plaintiff,

v.

### Carl D. SHERMAN, Defendant.

### Bankruptcy No. 2–88–00279.
### Adv. No. 2–90–0034.

United States Bankruptcy Court, D. Connecticut.

Jan. 16, 1991.

---

**8.** See footnotes # 3 & 4.

John H. Grasso, Boatman, Boscarino & Thorne, Glastonbury, Conn., for plaintiff.

Andrew J. Brand, Suisman, Shapiro, Wool, Brennan & Gray, New London, Conn., for defendant.

MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DETERMINE WHETHER A PROCEEDING IS A CORE PROCEEDING

ROBERT L. KRECHEVSKY, Chief Judge.

I.

ISSUE

Carl D. Sherman, the defendant in this adversary proceeding, has moved the bankruptcy court, pursuant to 28 U.S.C. § 157(b)(3),[1] for a determination whether the proceeding is a core proceeding under § 157(b)[2] or is a proceeding otherwise re-

---

1. *§ 157. Procedures*

. . . .

(b)(3) The bankruptcy judge shall determine, on the judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to a case under title 11. A determination that a proceeding is not a core proceeding shall not be made solely on the basis that its resolution may be affected by State law.

2. *§ 157. Procedures*

. . . .

(b)(1) Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appro-

lated to a case under title 11 (i.e., noncore). The defendant seeks this ruling in connection with two motions he filed in the district court requesting that court (1) to abstain from hearing the proceeding pursuant to 28 U.S.C. § 1334(c)(2)[3] and (2) to withdraw the proceeding from the bankruptcy court to the district court pursuant to 28 U.S.C. § 157(d).[4] For reasons that follow, it is determined that the proceeding is not a core proceeding.

## II.

## BACKGROUND

John J. O'Neil, Jr., the trustee, commenced the present action in the bankruptcy court on March 22, 1990 against the defendant, a former officer and shareholder of the debtor, TVR of America, Inc. The debtor had operated an automobile dis-

tributorship from December 8, 1983 until March 28, 1988, when an involuntary bankruptcy petition was filed against it. The court entered an order for relief on April 28, 1988, and O'Neil is the duly-appointed trustee of the debtor's chapter 7 estate.

The trustee's amended complaint contains four counts asserting the defendant's liability to the debtor's estate. Count One alleges that when the defendant was an officer and stockholder of the debtor from January 9, 1984 to September 12, 1985, he breached his fiduciary duties by causing the debtor to be undercapitalized resulting in the debtor suffering losses in excess of $200,000.00. Count Two asserts that the defendant, following the formation of the debtor, failed to make a promised $50,-000.00 contribution to the debtor's equity capital and that the defendant continues to

priate orders and judgments, subject to review under section 158 of this title.

(2) Core proceedings include, but are not limited to—

(A) matters concerning the administration of the estate;

(B) allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purposes of confirming a plan under chapter 11, 12, or 13 of title 11 but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11;

(C) counterclaims by the estate against persons filing claims against the estate;

(D) orders in respect to obtaining credit;

(E) orders to turn over property of the estate;

(F) proceedings to determine, avoid, or recover preferences;

(G) motions to terminate, annul, or modify the automatic stay;

(H) proceedings to determine, avoid, or recover fraudulent conveyances;

(I) determinations as to the dischargeability of particular debts;

(J) objections to discharges;

(K) determinations of the validity, extent, or priority of liens;

(L) confirmations of plans;

(M) orders approving the use or lease of property, including the use of cash collateral;

(N) orders approving the sale of property other than property resulting from claims brought by the estate against persons who have not filed claims against the estate; and

(O) other proceedings affecting the liquidation of the assets of the estate or the adjust-

ment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims.

3. *§ 1334. Bankruptcy cases and proceedings*
. . . .
(c)(2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction. Any decision to abstain made under this subsection is not reviewable by appeal or otherwise. This subsection shall not be construed to limit the applicability of the stay provided for by section 362 of title 11, United States Code, as such section applies to an action affecting the property of the estate in bankruptcy.

4. *§ 157. Procedures*
. . . .
(d) The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

be liable for such payment. Count Three asserts that the defendant is liable for having wrongfully negotiated checks for his own benefit totaling $57,732.67 drawn between April 2, 1984 and July 2, 1985 on the debtor's bank accounts. Count Four alleges that the defendant is liable for wrongfully negotiating checks totaling $27,381.59 on or about September 12, 1985, drawn on the debtor's bank accounts and payable to companies with which the defendant was affiliated.

The complaint asserts the jurisdiction of the bankruptcy court over the adversary proceeding on alternative grounds. Paragraph 2 of each count states the proceeding is a core proceeding under § 157(b)(2)(H),[5] or, alternatively, bases jurisdiction on 28 U.S.C. § 1334(b).[6] The trustee demands damages from the defendant of at least $200,000.00 under Count One, $50,000.00 for Count Two, $57,732.67 for Count Three, and $27,381.59 for Count Four.

The defendant filed an answer admitting his past relationship with the debtor, but denying any liability to the debtor's estate, denying the trustee's jurisdictional allegations and stating that the defendant "does not consent to the entry of final orders of judgment by the bankruptcy judge." The defendant filed a demand for jury trial.

The defendant subsequently filed the noted motions for abstention and to withdraw the proceeding, and the district court is withholding its rulings thereon pending the bankruptcy court's determination of whether the proceeding constitutes a core or noncore proceeding.

### III.

### DISCUSSION

#### A.

■ Bankruptcy law, as restructured in 1984 by Congress to confront the Article III concerns outlined by the Supreme Court in *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), modified the jurisdictional grant to the Article I bankruptcy courts by dividing matters before that court into core and noncore categories. Simply put, in noncore matters, the bankruptcy court acts as an adjunct to the district court; it may not enter final orders without the consent of the parties; and its findings of fact and conclusions of law are subject to *de novo* review by the district court. In core matters, the bankruptcy court may enter final judgments, and the standards for appeal of such judgments are the same as in civil matters appealed from the district court to the court of appeals. *See Century Brass Products, Inc. v. Millard Metals Service Center, Inc. (In re Century Brass)*, 58 B.R. 838 (Bankr.D. Conn.1986). *Century Brass* held that state-law prepetition account receivable claims asserted by a debtor's estate against parties who have not filed proofs of claim are noncore matters. For reasons set out at length in the opinion, *Century Brass* determined that to comport with the principles enunciated in *Marathon*, the term "core proceedings" must be interpreted narrowly, and bankruptcy courts may not enter final judgments in traditional state-law contract actions absent consent from the parties. Although a contrary position remains, *see* cases cited in *In re Marshall*, 118 B.R. 954, 959 n. 2 (W.D.Mich.1990), causes of action that existed prior to the filing of the bankruptcy case that would continue independently of the provisions of Title 11, that are not specifically treated as core proceedings under § 157(b)(2)(B) and where the parties' rights and obligations are not meaningfully affected as a result of the filing of the bankruptcy case, are generally treated as noncore proceedings. *In re Commercial Heat Treating of Dayton, Inc.*, 80 B.R. 880, 886 (Bankr.S.D.Ohio 1987). *See In re Cinematronics, Inc.*, 916

---

**5.** *See supra* note 2.

**6.** *§ 1334. Bankruptcy cases and proceedings*

. . . .

(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

F.2d 1444, 1450 (9th Cir.1990); *Beard v. Braunstein*, 914 F.2d 434, 443–45 (3rd Cir. 1990); *In re Ben Cooper, Inc.*, 896 F.2d 1394, 1400 (2nd Cir.1990) *vacated* —— U.S. ——, 111 S.Ct. 425, 112 L.Ed.2d 408 (1990); *In re Castlerock Properties*, 781 F.2d 159, 161–62 (9th Cir.1986).

B.

All four counts of the trustee's complaint clearly sound in prepetition state-law claims against the defendant based on common law tort and contract principles. None of these claims could have been filed in a federal court, absent the bankruptcy petition, and none depend on the application of bankruptcy law. The trustee's reliance on rulings (most of which were rejected in either *Century Brass* or *Marshall*) that hold that Congress in the 1984 amendments restored the jurisdiction of the bankruptcy court to enter final judgments in essentially all proceedings as existed pre-*Marathon* is misplaced in this district.

The trustee further argues that the estate's causes of action against the defendant should be construed to fall under the Connecticut fraudulent conveyance statute —Conn.Gen.Stat. § 52–552.[7] Assuming, arguendo, that Congress intended fraudulent conveyances arising under state law to be core proceedings, *see In re Mankin*, 823 F.2d 1296 (9th Cir.1987),[8] the trustee's characterization of his complaint as one to recover fraudulent conveyances under Conn.Gen.Stat. § 52–552 is peremptory. Only the third and fourth counts contain conceivably possible allegations of fraudulent conveyances to the defendant, the first

two counts allege no conveyance at all, and in all other respects the elements of Conn. Gen.Stat. § 52–552 are nowhere alleged in the amended complaint.

In sum, the trustee's causes of action implicate well-recognized grounds of recovery—a common law tort which a director commits when illegally transferring assets of the subject corporation, *Mills v. Tiffany's Inc.*, 123 Conn. 631, 643, 198 A. 185 (1938), the corporation's ability to avoid self-dealing transactions under Connecticut's corporation statutes and caselaw, *see Hadden v. Krevit*, 186 Conn. 587, 442 A.2d 944 (1982), and a contract-related cause of action. The asserted resort to fraudulent conveyance law to obtain a determination of a core proceeding is artificial and a contrivance.

IV.

CONCLUSION

The trustee's complaint in this adversary proceeding does not constitute a core proceeding, but one that is otherwise related to a case under title 11.

7. Conn.Gen.Stat.Ann. § 52–552 (West 1960) provides:

§ *52–552. Fraudulent conveyances, when void*
All fraudulent conveyances, suits, judgments, executions or contracts, made or contrived with intent to avoid any debt or duty belonging to others, shall, notwithstanding any pretended consideration therefor, be void as against those persons only, their heirs, executors, administrators or assigns, to whom such debt or duty belongs.

8. The Supreme Court in *Granfinanciera v. Nordberg*, 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989), raised a serious question as to the inclu-

sion by Congress of fraudulent conveyance actions in the core category:

There can be little doubt that fraudulent conveyance actions by bankruptcy trustees—suits which … "constitute no part of the proceedings in bankruptcy, but concern controversies arising out of it"—are quintessentially suits at common law that more nearly resemble state-law contract claims brought by a bankrupt corporation to augment the bankruptcy estate than they do creditors' hierarchically ordered claims to a pro rata share of the bankruptcy *res*. They therefore appear matters of private rather than public right.
*Id.* at 492 U.S. ——, at 109 S.Ct. 2798 (citations omitted).